REINHARDT VENDING CO., INC., APPELLANT, *v.* PORTERFIELD, TAX COMMR., APPELLEE.

[Cite as Reinhardt Vending Co. v. Porterfield (1970), 24 Ohio St. 2d 161.]

(No. 70-191—Decided December 30, 1970.)

*Mr. John P. Bessey,* for appellant.

*Mr. Paul W. Brown,* attorney general, and *Mr. C. Luther Heckman,* for appellee.

O'NEILL, C. J.  The appellant seeks exception from payment of the tax on purchases of bill-changers under the provisions of R. C. 5739.01. The pertinent part of that section reads, as follows:

"(B) 'Sale' and 'selling' include all transactions by which title or possession, or both, of tangible personal property, is or is to be transferred * * * for a consideration in any manner * * *.

"* * *

"(E) 'Retail sale' and 'sales at retail' include all sales except those in which the purpose of the consumer is:

"* * *

"(2) * * * *to use* or consume the thing transferred *directly * * * in making retail sales* * * *." (Emphasis added.)

It is the position of the appellant that the bill-changers are used directly in consumating retail sales from the

vending machines with which the bill-changers were associated.

The Department of Taxation has attempted to establish guide lines for determining the applicability of this particular exception. Rule TX-15-11 of the Tax Commissioner reads as follows:

"Tangible personal property which is to be used or consumed *directly* in making retail sales may, when purchased by a person engaged in making retail sales, be purchased under a claim of exemption. Articles subject to such claims include show cases, equipment and shelves used to display merchandise for sale; store furniture and fixtures; supplies used to price and describe merchandise; *supplies and equipment used in consummating retail sales;* and equipment for use or consumption in storing or preserving goods and merchandise in the sales area.

"This exemption does not apply to equipment used for general heating of the sales area, to fuels for such equipment, nor to any other supplies not used directly in making retail sales or not specifically used in handling, storing, protecting or preserving goods and merchandise in the sales area. Examples of items to which the exemptions would not apply include lumber, wall board and similar items used as partitions whether in the retail rooms, display windows or elsewhere; janitor and cleaning supplies, fans, decorative items, items used in offices, stock or delivery rooms and outside signs.

"Sales area means any area in which retail sales are customarily made * * *." (Emphasis added.)

This court, in *Standard Oil Co.* v. *Donahue* (1967), 10 Ohio St. 2d 134, 226 N. E. 2d 758, upheld the exception of the purchases of certain items as being used directly in making retail sales.

It is the contention of the appellant that he is using the bill-changers directly in making retail sales since they are used in effecting sales.

The bill-changers fall within the following language of Rule TX-15-11 of the Tax Commissioner, "equipment used in consummating retail sales."

The record indicates that persons sometimes use bill-changers to get change which they do not use to make purchases from the vending machines.

The position of the Tax Commissioner is that the bill-changers are not used *directly* in consummating a retail sale; that, although they may be convenient and facilitative, they are not indispensible, in consummating sales. However, there seems to be a little real distinction between the merchant's use of a bill-changer to furnish change to customers to make the purchase from a vending machine and the use of a cash register to keep safe the money paid for articles purchased and to return change to the customer. The cash register can also be used to make change where none of the change is used to make a purchase in the retail establishment.

In *Mead Corp.* v. *Glander* (1950), 153 Ohio St. 539, 93 N. E. 2d 19, this court held that:

"2. Where equipment is employed primarily in a way which excepts its purchase from the sales and use tax, its incidental use otherwise will not destroy such excepted status."

The decision in *Mead* was approved and followed in *Ace Steel Baling* v. *Porterfield* (1969), 19 Ohio St. 2d 137, 249 N. E. 2d 892; *Jewel Companies* v. *Porterfield* (1970), 21 Ohio St. 2d 97, 255 N. E. 2d 630; *General Data Corp.* v. *Porterfield* (1970), 21 Ohio St. 2d 223, 257 N. E. 2d 359.

The applicable law in this case is set forth in the cases cited above. When the particular facts of the instant case are fitted into the principles of law set forth in the above-cited cases, it is clear that the bill-changing machines are "used directly in making retail sales," and, therefore, the appellant is entitled to the tax exception which it seeks.

The decision of the Board of Tax Appeals is reversed.

*Decision reversed.*

Schneider, Herbert, Duncan, Stern and Leach, JJ., concur.

Corrigan, J., dissents.